United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAREN HEATHERLY, | No. C-11-04125 DMR |
| Plaintiff(s), | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 23] AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 25]** |
| v. | |
| QUEEN MALIKA, | |
| Defendant(s). | |

Before the court is a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 filed by Defendants Tammy Otsmane and Hamid Otsmane dba Queen Malika (the "Otsmanes") and Neil Goodhue and Diane Goodhue, Trustees of the Sandringham Trust (the "Goodhues"). [Docket No. 23.] Also before the court is a motion for summary judgment filed by Plaintiffs Daren Heatherly and Irma Ramirez. [Docket No. 25.] The court finds that the matters are appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the court grants Defendants' motion and denies Plaintiffs' motion as moot.

## I. BACKGROUND AND UNDISPUTED FACTS

On August 22, 2011, Plaintiffs filed a complaint alleging discrimination on the basis of disability in violation of the Americans with Disabilities Act (ADA), California Civil Code § 54 et seq., and California Civil Code § 41 et seq. (the Unruh Act). *See* Complaint [Docket No. 1].

Plaintiffs allege that they are persons with physical disabilities within the meaning of the ADA and applicable California laws. *Id.* at ¶ 5. They allege that Defendants are the owners and operators of a public accommodation in San Francisco known as Queen Malika, which Plaintiffs attempted to access for purposes of having food and drinks on April 14, 2011, May 12, 2011, and June 7, 2011, but could not do so because they encountered architectural barriers. *Id.* at ¶¶ 14-27.

The following facts are undisputed: on November 14, 2011, the parties conducted a General Order 56 inspection of the premises.[1] Joint Statement of Material Facts ("JSMF") [Docket No. 23-4] 1. Pursuant to the inspection, the parties identified several architectural barriers and Plaintiffs identified the remedial work necessary to remove those barriers. JSMF 2-4. In early December 2011, Defendants completed all of the remedial work. JSMF 8. At the times Plaintiffs allegedly visited the Queen Malika restaurant, it was owned and operated by the Otsmanes, and the building in which it was operated was owned by the Goodhues. JSMF 9-10. The Otsmanes have not owned or operated the Queen Malika since September 11, 2012. JSMF 9.

## II. DISCUSSION

It is undisputed that the ADA claim is moot as to all Defendants because Defendants have removed all of the architectural barriers identified in the General Order 56 inspection. Additionally, the ADA claim is moot as to the Otsmanes because they no longer own the restaurant and therefore cannot be subject to injunctive orders. *See* Pltfs.' Opp. to Mot. Summ. J. [Docket No. 24] at 2 ("[P]laintiffs[] concede that their ADA cause of action is moot"). *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (the only remedy available for a violation of the ADA under a private right of action is injunctive relief; if no ADA violations exist at the time the court is asked to provide injunctive relief, the ADA claim is moot). Plaintiffs argue that although their only federal claim is admittedly moot, the court should not decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367. Because the "jurisdictional questions ordinarily must precede merits determinations in dispositional order," *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.,* 549 U.S. 422, 431 (2007), the court considers first the issue of supplemental

---

[1] General Order No. 56 of the Northern District of California prescribes a procedure for actions asserting denial of a right of access protected by the American Disabilities Act.

jurisdiction over the state law claims before reaching Plaintiffs' motion for summary judgment on the merits of the Unruh Act claim.

**A. Legal Standard**

At the outset of this case, court had federal question jurisdiction over Plaintiffs' ADA claim pursuant to 28 U.S.C. § 1331. Because Plaintiffs' state law claims "were so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," this court exercised supplemental jurisdiction over those claims as well. 28 U.S.C. § 1367(a).

The elimination of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental state law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009). Rather, the district court retains discretion whether to exercise supplemental jurisdiction over state law claims even after all federal claims are resolved. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."); *see also Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011) *reh'g en banc granted,* 663 F.3d 1032 (9th Cir. 2011) and *on reh'g en banc,* 693 F.3d 896 (9th Cir. 2012). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech.,* 556 U.S. at 639.

"[A]ctually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in [Section 1367(c)] is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 *supplemented,* 121 F.3d 714 (9th Cir. 1997). The district court's exercise of discretion to decline to exercise supplemental jurisdiction over state law claims is "informed by . . . values of economy, convenience, fairness, and comity." *Id.* (quotations omitted). The party asserting federal jurisdiction bears the burden of showing that jurisdiction exists. *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

**B. Discretionary Factors**

Comity and precedent in this circuit strongly disfavors exercising supplemental jurisdiction. "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims.'" *Acri*, 114 F.3d at 1001 (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988)). *See also Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 911 (9th Cir.2011) (upholding district court's decision to decline to exercise supplemental jurisdiction over state law claims after granting the defendants summary judgment on the plaintiff's ADA accessibility claim); *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (upholding district court's decision to decline to exercise supplemental jurisdiction over state law claims after dismissing ADA claim as moot because defendants no longer owned public accommodation); *Yates v. Delano Retail Partners, LLC*, No. C-10-3073-CW, 2012 WL 4944269 at *3 (N.D. Cal. Oct. 17, 2012) ("All federal matters have been resolved and only state matters remain, so comity strongly favors dismissal"; declining to exercise supplemental jurisdiction over state law claims after ADA claim dismissed as moot because the public accommodation was closed).

Judicial economy also counsels against the court's exercise of supplemental jurisdiction. The case is at an early stage. The parties have not yet engaged in any discovery. *See* Joint Case Management Statement [Docket No. 25] at 6. Aside from an initial case management conference, this court has not intervened in these proceedings. In similar circumstances, other courts in this district have declined supplemental jurisdiction. *See, e.g. Pickern*, 2002 WL 143817 at *3 (declining to exercise supplemental jurisdiction over California state law claims after parties settled ADA claims and claims for injunctive relief and discovery deadline was still nine months away); *Kerner v. Mendez*, No. 08-C-4528-EDL, 2009 WL 2424298 at *1 (N.D. Cal. Aug. 6, 2009) (declining to exercise supplemental jurisdiction over California state law claims after court dismissed ADA claim without leave to amend, no discovery had occurred, and parties had not yet appeared for an initial case management conference).

Plaintiffs argue that litigating the state law claims in state court will cause inconvenience and expense to the parties. However, these considerations do not weigh strongly in favor of exercising supplemental jurisdiction, especially when considered against the above factors, which strongly

4

United States District Court
For the Northern District of California

weigh against. Furthermore, although Plaintiffs may incur additional attorneys' fees to prosecute the remaining claims in state court, if they prevail, they may be able to recover these fees from Defendants. *See e.g. Pickern v. Stanton's Restaurant*, No. C-01-2112-SI, 2002 WL 143817 at *3 (N.D. Cal. Jan. 29, 2002) (noting that additional costs in re-litigating state law claims in state court is not a great inconvenience because plaintiffs may be entitled to recovery attorneys' fees if they prevail).

The facts in this case differ significantly from those in which courts have exercised supplemental jurisdiction over state law claims related to an ADA denial of access claim. In all of the cases cited by Plaintiffs, the federal claims were *still pending*. *Connally v. Bayport Marina Plaza, LLC*, No. C-07-3032-BZ (N.D. Cal. Oct. 2, 2007) (exercising supplemental jurisdiction over state law claims when ADA claim is still at issue); *Johnson v. Barlow*, Npo. 06-CV-1150-WBS, 2007 WL 1723617 (E.D. Cal. June 11, 2007) (same). In fact, in two of the cases cited by Plaintiffs, the court exercised supplemental jurisdiction over the state law claims because the ADA claim was still at issue, but explicitly noted that "[i]f, at a future date, the ADA claim is resolved, Defendant may make another motion to dismiss the state law claims." *Chavez v. Suzuki*, No. 05-C-1569-BTM, 2005 WL 3477848 at *3 (S.D. Cal. Nov. 30, 2005). *See also Yates v. Belli Deli*, No. 07-C-1405-WHA, 2007 WL 2318923 at *8 (N.D. Cal. Aug. 13, 2007) (exercising jurisdiction over state law claims while ADA claim is still pending, but noting that defendants could present evidence that the action is moot because they have made all requested remedial measures in an "early summary judgment motion"). *See also Lerma v. NTT McKee Retail Center LLC*, No. 11-C-2161-LHK, 2011 WL 4948667 (N.D. Cal. Oct. 18, 2011) (court retains supplemental jurisdiction after related ADA claim had been eliminated against a defendant, where the ADA claims were still pending against other defendants).

While the court recognizes the inconvenience and costs that may attend litigation in state court, the court declines to exercise supplemental jurisdiction over the remaining state law claims in light of the balance of discretionary factors and the language and purpose of 28 U.S.C. § 1367(c).

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **granted.**  Because the court declines to exercise supplemental jurisdiction over the state law claims, Plaintiffs' motion for summary judgment on the Unruh Act claim is **denied as moot.**

IT IS SO ORDERED.

Dated:  October 23, 2013

DONNA M. RYU
United States Magistrate Judge